# RAPHAEL RODRIGUEZ v. GULF WOOD WORKING CO.

## Syllabus.

1. Under the Employer's Liability Act (No. 20 of 1914) the loss of more than one finger may sometimes amount to though it can never exceed, the loss of a hand; and the loss of a hand, foot or eye, does not necessarily mean the amputation thereof.

2. It is a familiar cannon of statutory construction that matters expressly and specially provided for do not fall within the scope of general provisions, no matter how broadly stated.

Appeal from the Civil District Court, Parish of Orleans, No. 116,426, Division "B"; Honorable Fred. D. King, Judge. Amended and affirmed.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff was injured in the course of his employment and is admittedly entitled to compensation from the defendant at the rate of three dollars per week. The only question involved is for what length of time said compensation shall continue under Act 20 of 1914, p. 44 (Employer's Liability Act).

His injuries consisted of the loss of two fingers of his right hand, and owing to his age and other circumstances the hand will be useless to him hereafter. This we find as a fact, as did the trial Judge.

And, as a matter of law, we think that the loss of "more than one finger" may amount to, since it cannot **exceed,** "the loss of a hand" (Section 8 (C) par. 7), and the **loss**

of a hand, foot or eye does not necessarily mean the amputation thereof.

But the maximum compensation allowed for the loss of a hand cannot exceed one hundred and fifty weeks by the express and particular terms of the Act (Sec. 8 (C) par. 8), which must prevail over the more general terms which precede it (Sec. 8 (C) par 1). For it is a familiar cannon of statutory construction that matters expressly and specially provided for do not fall within the scope of general provisions no matter how broadly stated. (*Welch v. Gossens*, 51 *An.*, 852.)

The trial Judge allowed four hundred weeks; we feel ourselves constrained to reduce the time to one hundred and fifty weeks.

It is therefore ordered that the judgment appealed from be amended by reducing the time during which plaintiff's compensation is to run from four hundred to one hundred and fifty weeks, and as thus amended the judgment appealed from is affirmed at the cost of appellee.

Opinion and decree, October 23rd, 1916.

### *Per Curiam.*

Considering the consent on file, it is ordered that the defendant be allowed a credit of twenty weeks' compensation on the 150 weeks' compensation allowed; and with this amendment the rehearing is refused.

Opinion and decree, November 20th, 1916.